IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States District Court
Southern District of Texas
**ENTERED**
May 13, 2016
David J. Bradley, Clerk

| | | |
|---|---|---|
| DARRELL LAVELL HUFFMAN, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO: H-15-2495 |
| | § | |
| LORIE DAVIS, | § | |
| Director of the Texas Department | § | |
| of Criminal Justice - Correctional | § | |
| Institutions Division, | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Darrell Lavell Huffman's petition for writ of habeas corpus pursuant to 28 U.S.C.

§§ 2241 and 2254 has been referred to this magistrate judge for a report and recommendation

(Dkt. 5). The court recommends that Huffman's petition be denied with prejudice.

## Background

Huffman is currently is the custody of the Texas Department of Criminal Justice

serving one 50-year and two 15-year sentences for drug convictions. It is not necessary to

recite the procedural history of Huffman's appeal and state habeas proceedings because he

is challenging a disciplinary proceeding, not his convictions.

Huffman was found guilty of attempting to possess a certain amount of contraband.[1]

Huffman received as punishment loss of 45 days of recreation, commissary, and telephone

---

[1]    Possession of contraband is a Level 1, Code 10.2 violation of TDCJ-CID disciplinary rules.
http://www.tdcj.state.tx.us/documents/cid/Disciplinary_Rules_and_Procedures_for_Offen
ders_English.pdf, Attachment A (last visited May 11, 2016). "A violation of these rules may
consist of engaging, attempting to engage in, or conspiring to engage in specified behavior
or aiding others in engaging, attempting to engage in, or conspiring to engage in specified
behavior." *Id.* at p.25.

privileges, suspension of contact visitation privileges, 15 days of solitary confinement, reduction in line class from S2 to L1, and loss of 100 days good time credit. Huffman alleges he was denied due process in his disciplinary proceeding because his substitute counsel was ineffective and the finding of guilt is not supported by the evidence.

## Analysis

"The Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Sandin v. Conner*, 515 U.S. 472, 478 (1995). Huffman cannot state a claim for federal habeas relief based on disciplinary sanctions unless the sanctions imposed affect the fact or duration of the prisoner's sentence. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir 2000). Reduced time-earning classification, such as from S2 to L1, does not "inevitably affect the duration of his sentence." *Sandin*, 515 U.S. at 487. Moreover, restrictions such as lost privileges and cell confinement are not atypical of the hardships that commonly occur in prison life. *Malchi*, 211 F.3d at 958 ("Clearly, . . . thirty day loss of commissary privileges and cell restriction do not implicate due process concerns"); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997) (loss of commissary and cell restriction); *Pickens v. Minton*, 109 Fed. Appx. 655, 656 (5th Cir. 2004) (placement in isolation for 20 days); *Sandin*, 515 U.S. at 485-86 (segregated confinement). Huffman cannot state a claim for relief based on his loss of 45 days of recreation, commissary, and telephone privileges, suspension of contact visitation privileges, 15 days of solitary confinement, and reduction in line class from S2 to L1.

A prisoner who is eligible for release on mandatory supervision may state a claim for

relief when previously earned good time credits are lost. In *Wolff v. McDonnell*, the Supreme Court held that prisoners do have the right to certain minimum due process protections in good time revocation proceedings. 418 U.S. 539, 558 (1974). Minimum due process in this context typically requires notice, an opportunity to call witnesses and present evidence, and that "some evidence" supports the ruling, but those requirements are flexible and must be balanced against "legitimate penalogical interests." *Id.* at 556. The court will not retry the disciplinary case. *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981). The court's review is limited to determining whether the guilty finding is supported by "any evidence at all." *Id.*; *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001); *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

Huffman was found guilty after a hearing on September 5, 2014 based on the report and testimony of the charging officer. The offense report indicates that an officer saw a vehicle parked on the side of the road and then found tobacco and rolling paper hidden at that location. An investigation revealed that the car belonged to Huffman's mother. The officer called Huffman's mother and she admitted that she hid the contraband for Huffman to later retrieve. In addition, the officer listened to recorded phone conversations between Huffman and his mother in which Huffman made incriminating remarks. This is sufficient evidence under the standard of review applicable to prison disciplinary proceedings.

Because there is no constitutional right to be represented by counsel at a disciplinary proceeding, Huffman cannot state a claim for ineffective assistance by substitute counsel.[2]

---

[2]     In *Wolff*, the Supreme Court noted in dicta that certain inmates may have impediments that make it unlikely they will be able to understand the proceedings, and such inmates should

**Recommendations and Order**

For the reasons stated above, the court recommends that Huffman's petition be denied with prejudice. For the same reasons, the court recommends that Huffman's motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 18) be denied.

It is also ordered that Huffman's motion for continuance to compel discovery (Dkt. 15) is denied.[3]

Additionally, the court finds that Huffman has not made a substantial showing that jurists of reason would find it debatable whether he has been denied a constitutional right or whether the court is correct in its procedural ruling. Therefore, the court recommends that a certificate of appealability should not issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72.

---

be permitted to seek assistance. However, the Court did not recognize a constitutional right to counsel or set any standards for what type of assistance might be required. 418 U.S. at 570.

[3]     The court construes the document styled "Complaint/Affidavit for Arrest Warrant" (Dkt. 16) as simply a further request for discovery and/or a further statement of opposition to respondent's motion for summary judgment. If Huffman is attempting to file a separate suit against Matthew K. McClarin, that cannot be done by filing a motion in this habeas case.

4

Signed at Houston, Texas on May 13, 2016.

Stephen Wm Smith
United States Magistrate Judge